RATES TECHNOLOGY, INC., a Delaware corporation, Individually and on behalf of Advanced Telecommunications and Manufacturing Corp., a Delaware corporation in formation, Plaintiff,

v.

Peter A. DIORIO and Universal Payphone Corporation, a New Mexico Corporation, Defendants.

No. 85 CV 1819.

United States District Court, E.D. New York.

Jan. 30, 1986.

Milbank, Tweed, Hadley & McCloy, New York City, (Howard Seife, of counsel) and Mershon, Sawyer, Johnston, Dunwoody & Cole, Miami, Fla. (Stephen M. Corse, of counsel), for plaintiff.

Kenyon & Kenyon, New York City (Jonathan D. Reichman, of counsel) and Hinkle, Cox, Eaton, Coffield & Hensley, Roswell, N.M. (Richard E. Olson, of counsel), for defendants.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is an action for breach of contract, fraud and breach of fiduciary duty arising out of the parties' ill-fated attempt at a joint venture. Defendants move to dismiss the action for lack of personal jurisdiction. Fed.R.Civ.P. 12(b)(2).

### Facts

Plaintiff is a Delaware corporation with its principal place of business in New York. Defendant Universal Payphone Corporation ("Universal") is a New Mexico corporation having its principal place of business in New Mexico. Defendant DiOrio, a New Mexico resident, is the president of Universal.

On November 2, 1984, certain of Rates' officers met with DiOrio and Lee G. Lovett, a co-owner of Universal, in New York for three to four hours. The parties differ in their characterization of this meeting.

Defendant contends that the meeting was in the nature of a sales presentation by Rates, designed to "show-off" the attractive features of its pay telephone system. Plaintiff, on the other hand, argues that the parties planned the basic structure of the deal at this meeting and that their subsequent negotiations merely involved working out the details of the contractual relationship.

In any event, on January 22, 1985, following further negotiations (which occurred over the telephone or at meetings outside of New York), the parties entered into a contract setting forth the terms of their agreement. The contract was signed by plaintiff's representative in New York and by defendant D'Orio in Washington, D.C.

The contract called for the formation of a separate company, Advanced Telecommunications & Manufacturing Corporation ("AT&M"), which would "hold" certain patented telephone technology (to be supplied by Rates) and enter into manufacturing and marketing contracts (to be negotiated by DiOrio and Lovett). The agreement

contemplated selling pay telephones throughout the country, including New York.

Shortly after the contract was executed, defendants paid the first installment of development costs due to Rates under the agreement. In turn, Rates issued a patent license to AT & M. The joint venture was underway.

On February 11, 1985, Lovett, acting on behalf of AT & M, entered into a manufacturing contract with Seiscor Technologies, Inc. ("Seiscor"). On February 24, 1985, however, Lovett cancelled this contract. Thereafter, DiOrio, acting on behalf of Universal (not the joint venture), entered into a similar contract with Seiscor.

Defendants have taken no further action with respect to the joint venture.

Accordingly, Rates commenced this action alleging that defendants (a) breached the contract, (b) breached their fiduciary duty by converting to their own use a business opportunity that belonged to the joint venture, and (c) fraudulently induced Rates to enter the contract.

## Discussion

The question before this Court is whether long-arm jurisdiction can be asserted over the defendants under C.P.L.R. § 302. *See Arrowsmith v. United Press International,* 320 F.2d 219, 223 (2d Cir.1963). The issue of personal jurisdiction must be determined separately for each cause of action asserted in the complaint. *Interface Biomedical Laboratories v. Axiom Medical, Inc.,* 600 F.Supp. 731, 734 (E.D.N.Y. 1985).

The Second Circuit has stated:

In deciding a pretrial motion to dismiss for lack of personal jurisdiction, a district court has considerable leeway. It may determine the motion on the basis of affidavits alone, or it may permit discovery in aid of the motion, or it may conduct an evidentiary hearing on the merits of the motion.... If the court chooses not to conduct a full-blown evidentiary hearing on the motion, the plaintiff need make only a *prima facie* showing of jurisdiction through its own affidavits and supporting materials. Eventually, of course, the plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial. But until such hearing is held, a *prima facie* showing suffices, notwithstanding any controverting presentation by the moving party to defeat the motion.

*Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir.1981) (citations omitted). Thus, where a court decides a motion to dismiss for lack of personal jurisdiction on the basis of affidavits and pleadings alone, it must resolve all doubts raised by the papers in the light most favorable to the plaintiff. *Interface, supra,* 600 F.Supp. at 735.

With these considerations in mind, I turn to defendants' contention that the Court lacks personal jurisdiction over them.

### 1. Breach of Contract

Plaintiff claims that the defendants' single meeting with plaintiff in New York constitutes a transaction of business in New York sufficient to establish personal jurisdiction with regard to the breach of contract claim.

In assessing whether this meeting is sufficient for the assertion of long-arm jurisdiction under C.P.L.R. § 302(a)(1), the "relevant inquiry is whether the defendant has performed 'purposeful acts' in New York 'in relation to the contract, albeit preliminarily or subsequent to its execution.'" *American Contract Designers, Inc. v. Cliffside, Inc.,* 458 F.Supp. 735, 739 (S.D.N.Y.1978) (quoting *Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc.,* 15 N.Y.2d 443, 457, 261 N.Y.S.2d 8, 18, 209 N.E.2d 68, 75, *cert. denied sub nom., Estwing Manufacturing Co. v. Singer,* 382 U.S. 905, 86 S.Ct. 241, 15 L.Ed.2d 158 (1965)). Indeed, the courts have held that contract negotiations occurring in New York can constitute the transaction of business in New York under § 302(a)(1) if the negotiations "substantially advanced" or

were "substantially important" or "essential" to the formation of the contract, *Bialek v. Racal-Milgo, Inc.*, 545 F.Supp. 25, 34–35 (S.D.N.Y.1982), or if they "merely create the likelihood of a more solid business relationship," *Round One Productions, Inc. v. Greg Page Enterprises, Inc.*, 566 F.Supp. 934, 937 (E.D.N.Y.1982).

Treating plaintiff's affidavit as true, as I must on this motion to dismiss, it is clear that at the New York meeting, the parties "concluded the substance of the agreement that forms the hard core of this litigation." *Trafalgar Capital Corporation v. Oil Producers Equipment Corporation*, 555 F.Supp. 305, 309 (S.D.N.Y.1983).

Plaintiff's president maintains in an affidavit that the New York meeting produced an agreement in principal with respect to the fundamental terms of the joint venture, including the apportionment of ownership shares, the profit margin per telephone sold, the issuance of a patent license, and the advance payment of development costs and royalties to Rates. He also states that the parties' subsequent negotiations did not involve these essential terms (Weinberger Affidavit at 2–3).

In light of this affidavit, the Court finds that plaintiff's allegation that defendants transacted business in New York is sufficient to withstand Universal's motion to dismiss the first cause of action.

### 2. Breach of Fiduciary Duty

■ With respect to its claim that defendants converted certain business opportunities for their own benefit in violation of their fiduciary duty to the joint venture, plaintiff asserts personal jurisdiction over the defendants under C.P.L.R. § 302(a)(3). That statute empowers the Court to exercise jurisdiction over a non-resident who (1) commits a tortious act outside of the state that (2) causes injury within the state, so long as the non-resident (3) expects or should reasonably expect the act to have consequences in the state, and (4) derives substantial revenue from interstate commerce. *Trafalgar, supra*, 555 F.Supp. at 310.

Clearly, Rates' allegations of a tort committed outside the state are sufficient. Defendants argue, however, that Rates has failed to proffer sufficient evidence of injury within the state.

The problems inherent in applying the "injury within the state" requirement to commercial cases continue to plague the courts. Clearly, "the occurrence of financial consequences in New York due to the fortuitous location of the plaintiffs in New York is not a sufficient basis for jurisdiction under § 302(a)(3)." *Pocahontas Supreme Coal Company, Inc. v. National Mines Corp.*, 90 F.R.D. 67, 73 (S.D.N.Y. 1981).

In this case, however, plaintiff alleges a loss of customers in New York. Rates' Executive Vice President states in an affidavit that the parties specifically discussed a plan for the joint venture to place pay telephones in rest stations along the Long Island Expressway (Sullivan Affidavit at 2). This allegation is sufficient for the purposes of § 302(a)(3). *See Interface, supra*, 600 F.Supp. at 740.

Likewise, it is clear, based upon the parties' negotiations, that defendants should reasonably have expected their act to have consequences in the state.

Finally, Rates alleges that it "believes" that each defendant derives substantial revenue from interstate commerce. Plaintiff has failed to particularize this allegation. However, the Court deems it appropriate to permit limited discovery in aid of the motion on this issue. Accordingly, the Court's ruling on this aspect of defendants' motion is reserved pending the outcome of further discovery.

### 3. Fraud

■ In its third cause of action, Rates alleges that defendants fraudulently induced Rates to enter the joint venture by their representations, made in New York, that they were acting in good faith, interested in forming a joint venture, and that they would, in fact, form the partnership. Accordingly, Rates contends that defend-

ants committed a tortious act within the state giving rise to personal jurisdiction over them pursuant to § 302(a)(2).

Despite Rates' characterization of defendants' representations as fraudulent, its claim sounds in contract. Indeed, the essence of Rates' fraud claim is that defendants misrepresented that they were entering the contract in good faith and with the intention to perform in accordance with its terms. It is well-established that a party may not attempt to transform a breach of contract into a tort for jurisdictional purposes. *Trafalgar, supra,* 555 F.Supp. at 310; *Stanat Manufacturing Co. v. Imperial Metal Finishing Co.,* 325 F.Supp. 794, 796 (E.D.N.Y.1971).

In this case, however, Universal is already subject to the Court's jurisdiction based upon its transaction of business in the state. Since Rates' fraud claim arguably arises from this transaction of business in New York, and since defendants have not yet moved to dismiss the fraud claim on substantive grounds, Universal's motion to dismiss the claim at this juncture based upon lack of personal jurisdiction is denied.

### 4. The Fiduciary Shield Doctrine

Although the corporate defendant (Universal) is subject to this Court's jurisdiction for the reasons discussed above, the question remains whether this Court may assert jurisdiction over DiOrio, the individual defendant, on the basis of conduct which, arguably, he engaged in solely in his capacity as a fiduciary of the corporation (Universal). *Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 902 (2d Cir.1981). In fairness, however, neither party has raised the issue. Inasmuch as the Court is unable to determine the applicability of the fiduciary shield doctrine to this case upon the present record alone, the parties are directed to brief the issue.

### Conclusion

Plaintiff shall conduct discovery and submit its brief on the open issues within forty-five days of this Order. Defendant shall respond within ten days after plaintiff's submission. Defendant Universal's motion to dismiss Count Two and defendant DiOrio's motions are reserved pending further submissions. In all other respects, defendants' motions to dismiss are denied.

SO ORDERED.